UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ZEDRIC COPELAND | : | CASE NO. 1:23-cv-127 |
| | : | |
| Plaintiff, | : | JUDGE: |
| | : | |
| v. | : | |
| | : | |
| TRUSTED RIDES, INC., | : | |
| | : | |
| TRUSTED RIDES USA, LLC, | : | PLAINTIFF'S COMPLAINT |
| | : | |
| and | : | |
| | : | |
| THOMAS GOTT, | : | |
| | : | |
| Defendants. | : | |
| | : | |

COMES NOW Plaintiff Zedric Copeland ("Plaintiff"), by and through his undersigned legal counsel, and for his Complaint against Defendants Trusted Rides, Inc. ("Trusted Rides"), Defendants Trusted Rides USA, LLC ("Trusted Rides USA"), and Thomas Gott, (collectively, "Defendants") alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. He is a former employee of Defendants.

2. Defendant Trusted Rides is a Corporation in Michigan.

3. Defendant Trusted Rides has a registered address of 5960 Tahoe Drive, Grand Rapids, Michigan 49456.

4. Defendant Trusted Rides USA is a Limited Liability Company in Ohio.

1

5. Defendant Trusted Rides USA has a principal place of business located at 2306 Camelot Ridge Court, Grand Rapids, Michigan 49546.

6. Defendant Thomas Gott is the Founder and CEO of Defendant Trusted Rides USA and is a resident of Michigan.

7. The Court has jurisdiction over Plaintiff's Complaint because his claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

8. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with his federal claims.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendant is otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

10. Defendant Trusted Rides USA and Defendant Trusted Rides provide transportation services in the following areas: Grand Rapids, Michigan; Cincinnati, Ohio; and Columbus, Ohio.

11. Plaintiff was employed as an Operations Manager for the Cincinnati, Ohio service area from September 8 to December 9, 2022.

12. As part of his job duties, Plaintiff was required to handle operators, send notes, record hours, and provide transportation to Trusted Rides USA customers.

13. Defendants agreed to compensate Plaintiff with an annual salary of $40,000 for his position.

14. Defendants have failed and refused to fully compensate Plaintiff for the work he performed during his employment.

15. Plaintiff remains uncompensated for wages he earned during his employment with Defendants.

16. Upon information and belief, Defendant Thomas Gott is responsible for the pay practices complained of herein.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act
### (As to All Defendants)

17. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated the FLSA, 29 U.S.C. § 206(a) by failing and refusing to compensate Plaintiff under the required minimum wage.

18. 29 U.S.C. § 206(a) requires employers to pay each employee the federal minimum wage.

19. Defendants are "employers" within the meaning of the FLSA.

20. Plaintiff is an "employee" within the meaning of the FLSA.

21. Defendants have failed to remit the federal minimum wage to Plaintiff for hours worked during the pay period described above.

22. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

## Count II: Violation of Ohio Revised Code § 4111.02
### (As to All Defendants)

23. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated Ohio Rev. Code § 4111.02 by failing and refusing to compensate Plaintiff the required minimum wage.

24. Ohio Rev. Code § 4111.02 requires employers to pay each of their employees at a wage not less than the wage rate specified in Section 34a of Article II, Ohio Constitution.

25. Defendants are "employers" under Ohio law.

26. Plaintiff is an "employee" under Ohio law.

27. Defendants have failed to remit the state minimum wage to Plaintiff for hours worked in the pay period described above.

28. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

## Count III: Violation of Ohio Revised Code § 4113.15(B)
### (As to Defendant Trusted Rides and Defendant Trusted Rides USA)

29. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendant Trusted Rides and Defendant Trusted Rides USA violated Ohio Rev. Code § 4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiff in a timely fashion.

30. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

31. Defendant Trusted Rides and Defendant Trusted Rides USA have failed and refused to fully compensate Plaintiff for the work he performed for Defendant Trusted Rides and Defendant Trusted Rides USA.

32. As a direct and proximate result of Defendant Trusted Rides and Defendant Trusted Rides USA's unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

## Count IV: Breach of Express Contract
### (As to Defendant Trusted Rides and Defendant Trusted Rides USA)

33. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

34. At all times relevant, there was an express contract between Plaintiff, Defendant Trusted Rides, and Defendant Trusted Rides USA whereby Plaintiff would perform operations management responsibilities and transport customers to their designated destinations in exchange for his predetermined salary.

35. Defendant Trusted Rides and Defendant Trusted Rides USA have failed and refused to fully compensate Plaintiff for the work he performed, breaching the express contract.

36. As a direct and proximate result of Defendant Trusted Rides and Defendant Trusted Rides USA's breach of the express contract, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

## Count V: Quantum Meruit
### (As to Defendant Trusted Rides and Defendant Trusted Rides USA)

37. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

38. In the alternative, if there was no enforceable contract between the parties, Plaintiff is entitled to recovery of the unpaid wages as Defendant Trusted Rides and Defendant Trusted Rides USA would incur an unjust benefit if they do not fully compensate Plaintiff for the work he performed.

39. Plaintiff conferred a benefit upon Defendant Trusted Rides and Defendant Trusted Rides USA when Plaintiff performed the operations management responsibilities and transported customers to their designated destinations.

40. Defendant Trusted Rides and Defendant Trusted Rides USA knew that Plaintiff conferred this benefit as Plaintiff completed those required responsibilities.

41. Defendant Trusted Rides and Defendant Trusted Rides USA retained the benefit that Plaintiff had conferred but have failed and refused to fully compensate Plaintiff for the work he performed.

42. Because Defendant Trusted Rides and Defendant Trusted Rides USA knowingly retained this benefit under circumstances where it would be unjust to do so without compensating Plaintiff, Defendant Trusted Rides and Defendant Trusted Rides USA incurred an unjust benefit.

### Count VI: Unjust Enrichment
**(Defendant Trusted Rides and Defendant Trusted Rides USA)**

43. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

44. In the alternative, if there was no enforceable contract between the parties, Plaintiff is entitled to recovery of the unpaid compensation as Defendant Trusted Rides and

Defendant Trusted Rides USA would be unjustly enriched if it does not fully compensate Plaintiff for the work he performed.

45. Plaintiff conferred a benefit upon Defendant Trusted Rides and Defendant Trusted Rides USA when Plaintiff performed the operations management responsibilities and transported customers to their designated destinations.

46. Defendant Trusted Rides and Defendant Trusted Rides USA knew that Plaintiff conferred this benefit as Plaintiff completed those required responsibilities.

47. Defendant Trusted Rides and Defendant Trusted Rides USA retained the benefit that Plaintiff had conferred but has failed and refused to fully compensate Plaintiff for the work he performed.

48. Because Defendant Trusted Rides and Defendant Trusted Rides USA knowingly retained this benefit under circumstances where it would be unjust to do so without compensating Plaintiff, Defendant Trusted Rides and Defendant Trusted Rides USA incurred an unjust benefit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff here by demands judgment against Defendants as follows:

1. Judgment that Plaintiff is an employee entitled to protection under the FLSA and Ohio State law;

2. Judgment against Defendants for violation of the minimum wage provisions of the FLSA and Ohio state law;

3. Judgment that the Defendants' violations of the FLSA were willful;

4. Judgment against Defendant Trusted Rides and Defendant Trusted Rides USA for violation of the ORC § 4113.15(B);

5. Judgment against Defendant Trusted Rides and Defendant Trusted Rides USA for their breach of contract;

6. An award to Plaintiff for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of post-judgment interest;

8. An award of reasonable attorneys' fees and costs; and

9. For other and further relief, in equity, as this Court may deem appropriate.

/s/ *Matthew S. Okiishi*
Matthew S. Okiishi (Ohio Bar No. 0096706)
FINNEY LAW FIRM LLC
4270 Ivy Pointe Blvd., Ste 225
Cincinnati, Ohio 45245
(513) 943-6659
Fax: (513) 943-6669
matt@finneylawfirm.com

*Counsel for Plaintiff*