**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ZEDRIC COPELAND,

  *Plaintiff,*

vs.

TRUSTED RIDES INC., *et al.*,

  *Defendants.*

:
:
:
:
:
:
:
:
:
:

Case No. 1:23-cv-127

Judge Jeffery P. Hopkins

---

## OPINION & ORDER

---

  Plaintiff Zedric Copeland brings this case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C § 4111.01, *et. seq.*, and O.R.C. § 4113.15(B), to recover compensation he claims is owed by his former employers, Defendants Trusted Rides, Inc., Trusted Rides USA, and Thomas Gott, the latter company's Founder and CEO. To date, Defendants have failed to appear or otherwise defend this action. For the reasons below, Plaintiff's motion for default judgment (Doc. 11) is **GRANTED**.

## I. LAW & ANALYSIS

  There is a two-step sequential process for obtaining default judgment. *See Allied Consol. Enters. v. Aladwan*, No. 2:20-cv-4561, 2021 WL 1572291, *2 (S.D. Ohio April 22, 2021). First, a party must apply for an entry of default from the clerk.[1] *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Then,

---

[1] An entry of default was entered in this case on July 13, 2023. *See* Doc. 10.

after a party obtains an entry of default, that party may request that default judgment be entered. Fed. R. Civ. P. 55(b). This can happen two ways: by the clerk or by the court.

If the party's claim is for a sum certain or a sum that may be ascertained by computation, the clerk may enter default judgment. Fed. R. Civ. P. 55(b). In any other case, the party must seek default judgment from the court. *Id.* When considering an application for default judgment, the court will accept the complaint's factual allegations as true but must assess whether the factual allegations are legally sufficient to state the alleged cause of action. The moving party may prove the existence of damages through detailed affidavits or documentary evidence, or at an evidentiary hearing. *Arthur v. Robert James Assocs. Asset Mgmt.*, No. 3:11-cv-460, 2012 U.S. Dist. LEXIS 47240, at *3 (S.D. Ohio Apr. 13, 2012).

For default judgment to be entered by a district court, the court must be satisfied that it possesses both subject matter and personal jurisdiction over the nonresponsive party. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case."); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022). If the jurisdictional prerequisite is met, then the court must weigh the factors articulated by the Sixth Circuit in *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). Those factors are:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*See also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

2

**A. Plaintiff is entitled to default judgment.**

As a threshold matter, Plaintiff's complaint properly invokes this Court's jurisdiction. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367 because Plaintiff has asserted a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. And, so related are Plaintiff's state law claims to the federal ones that they form part of the same case or controversy rendering it appropriate for the Court to exercise supplemental jurisdiction over them. Finally, personal jurisdiction is proper because all three Defendants transact business in Ohio, and Plaintiff was employed by Defendants to perform work for Defendants in Cincinnati, Ohio.

Having established that this Court has both subject matter jurisdiction and personal jurisdiction over Defendants, the Court will now weigh the factors set forth in *Russell*—starting first with whether Plaintiff has asserted sufficient and meritorious claims—the second and third *Russell* factors and saving for later discussion possible prejudice to Plaintiff.

1. *Sufficient and Meritorious Claims*

The second and third factors in *Russell* relate to the merits of Plaintiff's claims and the sufficiency of Plaintiff's complaint. Like other courts, this Court will consider these factors together. Plaintiff alleges six claims in his complaint: (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a) as to all Defendants; (2) violation of O.R.C. § 4111.02 as to all Defendants; (3) violation of O.R.C. § 4113.15(B) as to Defendants Trusted Rides and Trusted Rides USA; (4) breach of express contract as to Defendants Trusted Rides and Trusted Rides USA; (5) quantum meruit as to Defendants Trusted Rides and Trusted Rides USA; and (6) unjust enrichment as to Defendants Trusted Rides and Trusted Rides USA. *See* Doc. 1.

Taking the factual allegations as true, this Court finds that Plaintiff's complaint states sufficient and meritorious claims against Defendants for breach of express contract and for violations of the FLSA, O.R.C. § 4111.02 and O.R.C. § 4113.15(B). However, as explained below, Plaintiff's claims for unjust enrichment and quantum meruit fail as a matter of law.

i.   <u>Violation of the Fair Labor Standards Act</u>

With respect to minimum wage, the FLSA mandates that employers pay employees a minimum hourly wage of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). The Fair Labor Standards Act defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). A "person," as defined in that same chapter, is "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). An "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

Plaintiff alleges that he was an employee of Defendants serving as an operations manager with an annual salary of $40,000 per year, that Trusted Rides USA, a limited liability company, and Trusted Rides, a corporation, qualify as employers under the FLSA because they provide transportation services in Michigan and Ohio, and that Defendant Gott is the Founder and CEO of Defendant Trusted Rides USA. Compl., Doc. 1, ¶ 6, 10–22. Plaintiff further alleges that Defendants failed to fully compensate him for the work he performed during his employment. *Id.* ¶ 17. Though the Court notes that an annual salary of $40,000 would equate to approximately $19.23 per hour for a forty-hour work week, Plaintiff has alleged that he was only employed from September 8, 2022, to December 9, 2022, and that he was not paid the required minimum wage for the hours worked during that period. *Id.*

4

Thus, taking Plaintiff's allegations true, the Court finds that Plaintiff has stated a sufficient and meritorious claim under the FLSA for failure to pay minimum wage.

### ii.    Violation of the Ohio Minimum Wage Fair Standards Act

Plaintiff alleges that Defendants violated the Ohio Minimum Wage Fair Standards Act, O.R.C. § 4111.02, based on the same facts set forth in relation to his FLSA claim. A violation under this provision is not dissimilar to a violation of the FLSA's minimum wage provision. If an employer fails to pay an employee the Ohio minimum wage or above, then that employer has violated the provision and will be liable to the employee. O.R.C. § 4111.02; Oh. Const. Art. II, § 34a ("As used in this section: 'employer,' 'employee,' 'employ,' 'person' and 'independent contractor' have the same meanings as under the federal Fair Labor Standards Act…"). Accordingly, taking Plaintiff's allegation as true, the Court finds that Plaintiff has stated a sufficient and meritorious claim under § 4111.02.

### iii.    Violation of O.R.C. § 4113.15(B)

Plaintiff alleges that Defendants Trusted Rides and Trusted Rides USA violated O.R.C. § 4113.15(B) by failing and refusing to promptly and timely pay Plaintiff for the services that he completed. O.R.C. § 4113.15(B) provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

This statute binds "[e]very employer doing business in this state[,]" with "employer" defined as "an individual, firm, partnership, association, or corporation." O.R.C. § 4113.15(D)(4).

Plaintiff asserts in his complaint that Trusted Rides, a corporation, and Trusted Rides USA, a limited liability company, have failed and refused to fully compensate him for work he performed from September 8, 2022, to December 9, 2022. Compl., Doc. 1, ¶ 31. When considering the amount of time that has lapsed since his employment—which far exceeds the time limits set forth in § 4113.15(B)—the Court finds that Plaintiff has stated a sufficient and meritorious claim for a violation of § 4113.15(B).

iv.    Breach of Express Contract

In his complaint, Plaintiff also alleges a claim for breach of express contract. Compl., Doc. 1, ¶ 33–36. Under Ohio law, a party has stated a breach of contract claim when there is: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff because of the breach. *Mitchell v. Fujitec Am., Inc.*, No. 1:20-CV-363, 2022 WL 836424, *8 (S.D. Ohio Mar. 21, 2022) (quoting *Johnson v. Delphi Corp.*, 261 F. Supp. 2d 955, 961 (S.D. Ohio 2003)). In this case, taking the facts stated in Plaintiff's complaint as true, the parties entered into an employment agreement on or about September 8, 2022, through which Plaintiff agreed to work as an operations manager, and in exchange, Defendants agreed to compensate Plaintiff with an annual salary of $40,000 for his position. Compl., Doc. 1, ¶ 12–13. Plaintiff asserts that he upheld his end of the deal with the work he performed between September and December of 2022, but that Defendants failed to uphold their end of the agreement by fully compensating him for the services that he completed within that timeframe. *Id*. ¶ 33–36. Furthermore, Defendants' failure to pay Plaintiff for his work is the proximate and direct cause of Plaintiff's damages in the form of economic harm suffered due to lost wages during the three-month timespan. *Id*. ¶ 22. The Court finds that Plaintiff has therefore stated a sufficient and meritorious claim for breach of express contract.

v.    <u>Quantum Meruit and Unjust Enrichment</u>

The two remaining claims in Plaintiff's complaint are claims for quantum meruit and unjust enrichment. Compl., Doc. 1, ¶ 37–48. Plaintiff elected to plead these claims in the alternative to the breach of express contract claim in the event there was no enforceable contract between the parties. Having established that Plaintiff has set forth a sufficient and meritorious claim for breach of express contract, this Court declines to enter default judgment on Plaintiff's unjust enrichment and quantum meruit claims because these claims are now impermissibility duplicative. *See Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013) ("Under Ohio law, a plaintiff may not recover under the theory of unjust enrichment [or quasi-contract] when an express contract covers the same subject.").

2.    *Prejudice to the Plaintiff*

Having found that Plaintiff has stated sufficient and meritorious claims, the Court must next determine whether Plaintiff would suffer prejudice if his motion were denied. Plaintiff initiated this lawsuit in March 2023, and the events underlying his complaint occurred in 2022. Taking his allegations as true, this would mean that it has been nearly two years since Plaintiff was due to be fully compensated for the work that he performed for Defendants. Defendants have made no effort to appear or defend this lawsuit. To deny Plaintiff's motion would "render Plaintiff's effort at a civil resolution futile, while rewarding Defendant's avoidance of this litigation." *Evans Adhesive Corp. v. Golden State Adhesives, Inc.*, No. 2:23-cv-1801, 2023 WL 7130676, at *3 (S.D. Ohio Oct. 30, 2023). For these reasons, the Court finds that this factor weighs in favor of default judgment.

3. *Amount of Money at Stake*

Next, the Court considers the amount of money at stake. Plaintiff does not quantify his damages in his complaint but asks that the Court award him for unpaid wages owed, liquidated damages under federal and state law, post-judgment interest, and an award of reasonable attorneys' fees and costs. Compl., Doc. 1, PageID 7–8. Plaintiff seeks unpaid wages for a three-month period, during which time he was due to earn an estimated $19.23 per hour based on his representation that he was contracted to earn an annual salary of $40,000. When considering his anticipated salary, liquidated damages, post-judgment interest, and reasonable attorneys' fees and costs, Plaintiff's total award is likely to be on the lower end of the range of awards in federal cases. *See Bd. Of Trs. Of the Ohio Laborers Bens. v. Olive Leaf Landscaping, Inc.*, No. 2:22-CV-2799, 2023 WL 8031493, at *3 (S.D. Ohio Nov. 20, 2023) (collecting cases). This factor therefore weighs in favor of default judgment.

4. *Possible Disputed Material Facts*

As for the next factor, Defendants have not placed any material facts in dispute as they have failed to appear or defend against this action. Additionally, because Defendants have failed to respond to Plaintiff's complaint and the motion for default judgment, Defendants have forfeited the right to dispute the allegations set forth therein. *See Evans Adhesive Corp.*, 2023 WL 7130676, at *3. Thus, this factor weighs in favor of default judgment.

5. *Excusable Neglect*

Like the previous factor, this Court is unable to attribute Defendants' default to excusable neglect because Defendants have failed to appear or otherwise defend in this action despite proper service of process. This fact is indicative of actual disregard rather than

excusable neglect. *United States v. Intelligent Perimeter Sys.*, No. 2:21-cv-1913, 2022 WL 3348653, at *4 (S.D. Ohio Aug. 12, 2022). This factor therefore favors default judgment.

### 6. *Preference for Decision on the Merits*

As a final consideration, the Court must account for "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. By its nature, default judgment conflicts with merits-based decisions. But in cases such as this, where Defendants have shown no interest in pursuing a decision on the merits, it is appropriate to consider the need for judicial efficiency and the needs of the litigants that have actually appeared before the Court. There are no mitigating factors that weigh against default judgment; thus, the Court is compelled to resolve this case through default judgment. Accordingly, default judgment shall issue against Defendants.

## II.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for default judgment (Doc. 11) is **GRANTED**. Plaintiff is hereby **DIRECTED** to submit affidavits or documentary evidence in support of his quest for damages within **thirty (30) days** of the date of this Order. In the event the Court finds an evidentiary hearing to be necessary, the Court will contact counsel.

**IT IS SO ORDERED.**

December 13, 2024

Jeffery P. Hopkins
United States District Judge

9